UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID ANTHONY JORDAN, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-02539-TWP-DML |
| STAN KNIGHT, Warden, Plainfield Correctional Facility,[1] | ) |
| Respondent. | ) |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

For the reasons explained in this Entry, petitioner David Anthony Jordan's petition for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

The petitioner is a state prisoner currently incarcerated at the Plainfield Correctional Facility who seeks a writ of habeas corpus. He is currently serving a 43-year sentence for Class D felony criminal confinement, Class A misdemeanor domestic battery, two counts of Class B felony burglary, two counts of Class C felony stalking, Class B misdemeanor criminal mischief, and Class A misdemeanor battery. The petitioner's convictions are pursuant to a plea agreement

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the petitioner's custodian, Warden Stan Knight, is properly substituted as the respondent. Effective July 1, 2017, Senate Enrolled Act 387 changed the title of the heads of Indiana penal facilities and correctional institutions from "superintendent" to "warden." See Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The **clerk is directed** to update the docket accordingly.

entered on January 7, 2002. Jordan filed a direct appeal challenging his sentence. The Indiana Court of Appeals affirmed his sentence on December 2, 2002. *See Jordan v. State,* 48A05-0204-CR-148, 779 N.E.2d 984 (Ind. Ct. App. Dec. 2, 2002).

Judge Newman denied Jordan's petition for post-conviction relief on January 3, 2007. Jordan appealed the denial without success. *See Jordan v. State*, 48A04-0703-PC-125, 2007 WL 3025689 (Ind. Ct. App. October 18, 2007).

> Subsequently, on January 18, 2013, Judge Newman entered an order recusing himself from Jordan's case, and the Honorable Dennis Carroll ("Special Judge Carroll") accepted jurisdiction as special judge on February 20, 2013. However, despite Judge Newman's recusal, he continued to hold hearings and issue orders in this case. For example, on September 15, 2014, Judge Newman held a hearing on Jordan's April 2014 motion to modify his sentence. Judge Newman granted Jordan's motion and ordered Jordan "released from the Department of Corrections [sic] and placed in Work Release for the remainder of his sentence[,]" which was sixteen plus years. (App. 40). Additionally, on July 20, 2015, Judge Newman held a hearing on Jordan's January 2015 request to modify his sentence from work release to probation. Judge Newman granted Jordan's motion to modify his sentence and placed him on probation for the balance of his 6,126-day sentence. Jordan did not object to or otherwise challenge Judge Newman's authority to enter this order and place him on probation.
>
> Three weeks later, on August 11, 2015, the State filed a notice of probation violation, alleging that Jordan had violated his probation by: (1) committing new criminal offenses: (2) failing to abstain from alcohol; and (3) violating his curfew. On August 31, 2015, Judge Newman held the initial hearing on Jordan's probation violation allegations, and Jordan denied the allegations. The transcript of this hearing is not part of the record on appeal. Nevertheless, there is no indication in the record that Jordan objected to Judge Newman's authority at this hearing.
>
> On October 1, 2015, Special Judge Carroll presided over the evidentiary hearing. . . . Jordan did not object to the validity of the probation or the allegations. Nor did he object to Special Judge Carroll's authority to preside over the probation proceeding.
>
> During the hearing, the State questioned Jordan's probation officer, Tony New ("Probation Officer New"), about Jordan's alleged violations. The State also had Probation Officer New explain the procedural anomaly that had occurred in the case. Specifically, Probation Officer New testified that, in July 2015, Judge

> Newman held a hearing and placed Jordan on probation even though Special Judge Carroll was the presiding judge over the case. Probation Officer New testified that "[a]s it turn[ed] out[,] Judge Carroll was actually the Special Judge ... on the case at that time" but that apparently "[n]obody recalled that that had changed at some point before that." (Tr. 43-44). When the State asked Probation Officer New, "But [Jordan's case] ha[d] a 48D03 cause number and for whatever reason nobody realized that Judge Carroll had jurisdiction over this case and not Judge Newman?", he replied that he "didn't realize it." (Tr. 44). Jordan still did not object to the validity of the probation or Special Judge Carroll's authority to preside over the probation proceeding.
>
> Special Judge Carroll determined that Jordan had violated his probation by committing another crime (battery, criminal confinement, and interference with the reporting of a crime), and he ordered Jordan to serve twelve (12) years of his previously suspended sentence.

*Jordan v. State*, Memorandum Opinion, 60 N.E.3d 1062, 1064-66 (Ind. Ct. App. 2016) (dkt. 14-5).

Jordan appealed from the revocation of his probation, arguing that: (1) Special Judge Carroll lacked authority to impose sanctions for Jordan's probation violation; (2) the probation ordered by Judge Newman pursuant to the modification of Jordan's sentence was invalid, and; (3) Jordan's attorney was ineffective for failing to challenge the validity of the probation ordered by Judge Newman. On July 22, 2016, the Indiana Court of Appeals affirmed the revocation of Jordan's probation. *Id.* Jordan did not file a petition to transfer seeking discretionary review by the Indiana Supreme Court.

Jordan filed a petition for post-conviction relief in the state trial court on August 11, 2016, in 48C03-1608-PC-29. See dkt. 14-7. Jordan argued that his probation revocation should be set aside because there was insufficient evidence to conclude that a crime was committed because the associated criminal charges were ultimately dismissed. On October 31, 2016, the petitioner was granted permission to withdraw his petition. Dkt. 14-6. No further state court action was pursued.

This petition for writ of habeas corpus was filed on July 27, 2017.

## II. Discussion

The petitioner argues that his state-court probation revocation is invalid. Specifically, Jordan's habeas petition purports to raise four grounds for relief: (1) that Judge Carroll improperly presided over his probation revocation proceedings; (2) that his probation was improperly revoked based upon commission of new offenses because charges were ultimately dismissed by the State; (3) Judge Carroll provided the wrong abstract of judgment to the Indiana Department of Correction, and; (4) the post-conviction court's failure to address various motions Jordan has filed. The respondent argues that the petitioner's petition must be denied because his claims are procedurally defaulted or unexhausted.

### A. Procedural Default

Jordan's first claim for relief challenges Judge Carroll's authority to revoke his probation. This is the only claim for relief raised in the petition for writ of habeas corpus that was presented to the Indiana Court of Appeals. It is barred by procedural default, however, because discretionary review from the Indiana Supreme Court was not sought and the opportunity to do so has expired.

Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid this type of procedural default, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. Therefore, "[a] habeas

4

petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* at 1026.

In the instant habeas petition, the petitioner attempts to challenge the validity of his parole revocation by claiming that Judge Carroll improperly presided over that proceeding. Although the petitioner has exhausted his state court remedies, he did not file a petition to transfer his case to the Indiana Supreme Court following direct appeal or during post-conviction proceedings. Having failed to do so, he has procedurally defaulted this claim. *See id.* For this reason, the petitioner's petition for a writ of habeas corpus on this ground for relief must be **denied**.

**B. Exhaustion**

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted).

Grounds 2, 3 and 4 raised by Jordan in his petition are unexhausted. He has not presented these grounds for relief the state trial court, appellate court or Indiana Supreme Court. The state trial court indicated to Jordan that he had leave to file a new state post-conviction petition (his earlier petitions were voluntarily withdrawn). Rather than follow that course, Jordan instead

prematurely filed this petition for federal collateral review. This action shall not be stayed because there is no reasonable basis for Jordan to have skipped state court review prior to filing this action.

Further these claims do not raise issues of federal law and a writ of habeas corpus may only issue if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted).

Accordingly, the petition is dismissed without prejudice as to these three grounds for relief.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner's claims are not properly before the Court and he has not shown that he is entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without prejudice.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 6/27/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID ANTHONY JORDAN
974197
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

James Blaine Martin
INDIANA ATTORNEY GENERAL
james.martin@atg.in.gov